**UNITED STATES of America, Plaintiff,**

v.

**Donald Joseph WATT, Defendant.**

**Crim. No. 89–52.**

United States District Court,
S.D. Iowa.

Sept. 22, 1989.

Ronald M. Kayser, Asst. U.S. Atty., and Linda R. Reade, Asst. U.S. Atty., for plaintiff.

Timothy McCarthy, II, Des Moines, Iowa, for defendant.

### MEMORANDUM EXPLAINING REASONS FOR SENTENCE

WOLLE, District Judge.

Defendant pleaded guilty to a one-count charge of being a felon in possession of a firearm, in violation of 18 United States Code sections 922(g)(1) and 924(a)(1)(B). At

the sentencing hearing held on September 14, 1989, the court received evidence and decided a single disputed issue: Whether the defendant was entitled to a four-level decrease in his total offense level, under the Federal Sentencing Guidelines, pursuant to Guideline section 2K2.1(b)(2) that provides for such a decrease if the defendant obtained or possessed the firearm "solely for sport or recreation." The total offense level would be three if the four-level decrease were granted, otherwise level seven.

■ I. The defendant has not established by a preponderance of reliable evidence that he is entitled to the four-level decrease. Defendant took a friend to Ft. Lauderdale, Florida, for a several-day holiday. He testified that he had taken his Model 51 Remington .380 caliber semi-automatic pistol with him in a suitcase "for protection against dangerous persons he might potentially encounter in south Florida." Defendant contends the weapon was in his possession not for any unlawful purpose but simply to enable him to enjoy his holiday in safety. The firearm, a camouflaged holster, and bullets remained in his suitcase throughout the time he was in Florida.

There was no evidence to suggest that defendant actually used the revolver for an unlawful purpose during his trip. Neither was there any evidence, however, that the revolver was required for or used for any sport or recreation he and his friend had in mind during their holiday. The revolver, ammunition, and camouflaged holster remained buried within the clothing in his suitcase. The court concludes that this use of the revolver was not a use contemplated within Guideline section 2K2.1(b)(2) providing for a decrease when a firearm is used "solely for sport or recreation." The ammunition and holster accompanying the revolver suggest that a use at some time was intended by the defendant that was neither for sport nor recreation. The court has concluded that the appropriate total offense level in sentencing defendant was level seven.

■ II. The court has determined that the appropriate sentence would be a twenty-four month term of probation, including three months of community confinement at the Fort Des Moines Residential Correctional Facility and a substantial fine. This will enable the defendant during his ninety days of confinement to continue in his self-employment of repossessing cars, a business known as "International Auto Recovery." Defendant is also required to pay a special assessment of $50, due immediately, and a total fine of $5,400 to be paid at the rate of $300 per month on the first day of each month for eighteen months.

III. Defendant has requested that the court modify the judgment to make clear what portion of the fine represents the cost to the government of his community confinement and probation. The fine itself is $1,000. The appropriate amount of the cost of community confinement and probation, to be included within the total fine amount, is the sum of $4,400. Under Guideline section 5E4.2(i), the court is to include in the total amount of a fine the "costs to the government of any imprisonment, probation, or supervised release ordered." The court construes that Guideline language to mean that the fine itself may include the costs of imprisonment and probation. The court has determined that with his self-employment income he will be able to pay all of the fine imposed, and this is not unduly burdensome, defendant having no dependents. *See* Guideline § 5E4.2(f).

IV. After checking with the Fort Des Moines Residential Correctional Facility, the court orders defendant to report to that facility to commence serving his term of community confinement at 9:00 a.m. on October 3, 1989.

IT IS SO ORDERED.